VANDALIA. 187

Pinckard *et al. v.* The People.   Slocumb *v.* Kuykendall.

---

JOHN C. SLOCUMB, plaintiff in error *v.* LEWIS KUYKENDALL, defendant in error.

*Error to Gallatin.*

In an action for slander, it is sufficient to prove the substance of the words charged.   But proof of equivalent words is not sufficient.

THIS was an action on the *case for slander*, brought by the plaintiff in error against the defendant in error in the Court

(1) WILSON, Chief Justice, did not sit in this cause.

below.   The cause was tried at the April term, 1835, of the Gallatin Circuit Court, before the Hon. Alexander F. Grant.

On the trial the following bill of exceptions was taken:

"Be it remembered that on the trial of this cause, the plaintiff proved by Isaac Hogan, that defendant said the miller must have taken my wheat; that from the quantity of wheat I took to mill, and the quantity of flour received, he must have taken my wheat. It was no other man than John C. Slocumb.   This was in August, or September, 1833.   That he, witness, heard defendant say that he had heard Slocumb had taken too much toll from others, and that charges had been made against Slocumb to Mr. Graves, the owner of the mill; that he saw Slocumb go to the hopper, and take out two half bushels of wheat, and put it away, and put one of them in a dark corner; that what he knew, he knew, and what he saw, he saw; that he, defendant, asked Slocumb what he was doing.   Slocumb said he was taking toll.   This was in January last.   That Slocumb, when taking the wheat, looked over his shoulder, as if to see if any body saw him: and defendant was talking about his wheat being lost at the mill where Slocumb had taken this wheat.   Defendant had taken thirty-two bushels of wheat to the mill on this occasion.   John Jordon, plaintiff's witness, proved that in conversation with defendant last winter, Esq. Slocumb's name was mentioned.   Defendant asked if it was John Slocumb who had attended the mill at New Haven.   Witness replied it was, but that he wrote his name John C. Slocumb; defendant then said, 'Well he is the man who took my wheat, there was too much toll taken, from the quantity of wheat I took to mill and the flour I got.   I saw him take two half bushels out of the hopper, and put it away.   I asked him what he was doing.   He said he was taking toll.   This was in the night.'   Defendant said, 'I would not swear he, Slocumb, stole my wheat, but if I had to swear, I would swear I believe he stole my wheat.'   Whereupon the defendant, by his attorney, moved the Court to instruct the jury to find in the way of a nonsuit; which motion the Court sustained, and instructed the jury that the evidence did not support either count of the plaintiff's declaration, and for them to find accordingly in the way of a nonsuit.   To which opinion of the Court, the plaintiff, by his counsel excepts, and it is allowed, &c.

                                        ALEX. F. GRANT. [L.S.]

A. P. FIELD and H. EDDY, for the plaintiff in error.

JESSE J. ROBINSON and W. J. GATEWOOD, for the defendant in error.

SMITH, Justice, delivered the opinion of the Court:
This was an action of *slander* for words imputing theft.

Slocumb *v.* Kuykendall.

The declaration contained three counts: 1st. for the words: " The miller stole my wheat, and he was no other man than John C. Slocumb." 2d. " He stole my wheat." And 3d. " John C. Slocumb is a thief; he stole my wheat."

The defendant pleaded not guilty, and not guilty within one year. On the trial, after the plaintiff's evidence had been heard, the defendant moved the Court to instruct the jury to find as in case of a nonsuit.

The Court instructed the jury accordingly, and also that the evidence did not support either count of the plaintiff's declaration. To these instructions the plaintiff excepted. The jury found for the defendant.

The only error assigned is the instructions of the Circuit Court, and we are now to enquire whether or not they were correct. It will not be doubted, that the rule which heretofore required the plaintiff to prove the words to have been spoken precisely as laid, has been relaxed, and that it will now be sufficient to prove the substance of them as charged; while, however, this rule is admitted to its fullest extent, we still understand that the proof of equivalent words will not be proving the substance of those charged to have been spoken. To prove words of similar import will not surely be proving the substance of those laid, but the proving of other and different words. In the case of Maitland *v.* Goldney(1) the Court say " Though the plaintiff need not prove all the words laid, yet he must prove so much of them, as is sufficient to sustain his cause of action, and it is not enough for him to prove equivalent words of slander." The case of Olmsted *v.* Miller(2) supports the same doctrine.

This rule should be adhered to. Further relaxation would be attended, in my opinion, with infinite mischief. The allegation and the proof should correspond; yet if a party be charged with the speaking of one set of words, and the proof show another set, of an equivalent character, and that be admitted to be sufficient to sustain the cause of action, how is the party to be prepared to defend himself? If this latitude be indulged in, and proof of equivalent words be sufficient, how will the defendant be able to know what he must come prepared to meet? One set of words is charged, another is proved, and the party surprised and held answerable for what he might have rebutted or explained by testimony, had he had reason to suppose such proof would have been offered. The introduction of such a course seems to me subversive of the first principles of the rules of evidence, and ought not to prevail. Besides, the uncertainty of the memory of witnesses, and their understanding of the import of words, and the sense in which they may have understood them to have been used, would render a party accountable for their misapprehen-

(1) 2 East 438.     (2) 1 Wendell 510.

sion, very frequently, if they could be allowed to testify to the import of his expressions.

It is the province of the Court and jury to construe his words, and not that of the *witnesses*. Apply this reasoning to the case before us, and it will be readily perceived that the proof does not sustain either of the counts of the declaration. From the bill of exceptions, such of the testimony as did not fall within the plea of the statute of limitations, is stated by one witness to refer to a conversation had with the defendant in January, 1833, and is narrated by the witness in these words: " That he heard defendant say, that he had heard Slocumb had taken too much toll from others, and that charges had been made against Slocumb to Mr. Graves, the owner of the mill; that he saw Slocumb go to the hopper, and take out two half bushels of wheat, and put it away, and put one of them in a dark corner; that what he knew, he knew, and what he saw, he saw; that the defendant asked Slocumb what he was doing. Slocumb said he was taking toll; that Slocumb, when taking the wheat, looked over his shoulder, as if to see if any body saw him; and defendant was talking about his wheat being lost at the mill where Slocumb had taken his wheat. Defendant had taken thirty-two bushels of wheat to the mill on this occasion."

The other witness refers to a conversation with defendant at another time, and says that Slocumb's name was mentioned. Defendant asked if it was John Slocumb who had attended the mill at New Haven. Witness replied that it was, but that he wrote his name John C. Slocumb. Defendant then said, well he is the man who took my wheat; there was too much toll taken, from the quantity of wheat I took to mill, and the flour I got. I saw him take two half bushels out of the hopper, and put it away. I asked him what he was doing. He said he was taking toll. This was in the night. Defendant said I would not swear, he, Slocumb, stole my wheat, but if I had to swear, I would swear I believe he stole my wheat.

It will be remarked, that the conversation detailed by the two witnesses, happened at different periods, and were entirely disconnected. It is not the enquiry now, whether or not this language might not be actionable, if laid as proved, with the necessary averments, though it might perhaps involve a question of doubt whether the defendant intended to charge the plaintiff with a felonious intention in taking the wheat; and whether the taking of too much toll, unless accompanied by indisputable evidence of such intent, could constitute a larceny; but whether the language proved to have been used, taken separately and disconnectedly, as stated by each witness, sustains either count of the declaration, I cannot conceive that either taken separately, supports either of the counts in the declaration. The proof can

be viewed in no other light than as establishing the speaking of equivalent words, and by no means as supporting the proof of the substance of the words as laid. I am therefore of the opinion that the instructions of the Court were correctly given, and that the judgment of the Circuit Court ought to be affirmed with costs.

*Judgment affirmed.*